IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| MARK J. KELLEY,<br><br>           Plaintiff,<br><br>vs.<br><br>BILLINGS CLINIC,<br><br>           Defendant. | CV 12-74-BLG-RFC-CSO<br><br><br>ORDER ADDRESSING<br>MOTION TO COMPEL |

Plaintiff Mark Kelley ("Kelley") brings this action against Defendant Billings Clinic ("Billings Clinic") alleging the following claims: (1) Hostile Work Environment Sexual Harassment, (2) Quid Pro Quo Sexual Harassment, (3) Retaliation, and (4) Tortious Interference. *Second Amend. Cmplt. (Dkt. 31) at 5-8.*

Pending is Billings Clinic's Motion to Compel (*ECF 32*). Having considered the parties' arguments and submissions, the Court rules as set forth below.

## I.    BACKGROUND

On November 26, 2012, Billings Clinic propounded its first set of interrogatories and requests for production on Kelley. *ECF 33-1.*  After two requests for extensions, to which Billings Clinic agreed, Kelley's responses became due on January 14, 2013. *See ECF 33-4, 33-5.* Kelley responded to Billings Clinic's interrogatories on January 14, 2013. *ECF 33-6.*  Kelley did not provide responses to Billings Clinic's requests for production.

The following day, Billings Clinic sent a letter to Kelley requesting responses to its requests for production, noting that the responses were overdue. *ECF 33-8.*  Kelley responded by email indicating that he had already produced the requested documents in accordance with the rules. *ECF 33-9.*  In a response email, Billings Clinic reiterated its request for answers to its requests for production, again noting they were overdue. *ECF 33-10.*

On January 30, 2013, Billings Clinic sent Kelley a detailed letter "as attempt to resolve informally issues related to" Kelley's answers to the discovery requests, and again requesting answers to the requests

for production. *ECF 33-12.* On February 8, 2013, Kelley sent amended responses to Billings Clinic's interrogatories, and answers to the requests for production. *ECF 33-15, 33-20.*

On February 19, 2013, Billings Clinic filed the pending motion to compel, seeking more complete answers to its discovery requests. Billings Clinic also requests an award of its reasonable attorneys' fees incurred in pursuing the pending motion pursuant to Rule 37(a)(5), Fed. R. Civ. P. *ECF 33 at 31.*

## II.   <u>LEGAL STANDARD</u>

A party may move to compel discovery responses when the party disagrees with the objections interposed by the other party and wants to compel more complete answers. *See Moreno Rivera v. DHA Global Forwarding,* 272 F.R.D. 50 (D. P.R. 2011). The Court has broad discretion to manage discovery. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (citation omitted); *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).

If no claim of privilege applies, the production of evidence can be

compelled regarding any matter that is "relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1). The Court can limit discovery requests if it finds that "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

A party must state objections with specificity. *See* Fed. R. Civ. P. 33(b)(4); 34(b)(2)(B) and (C). This Court's Local Rules also require specific reasons for discovery objections. Local Rules 26.3(a)(2)-(3) require that an objection "must be followed by a statement of reasons." Just stating the bare objection is not sufficient to preserve the objection. *See Covad Communications Co. v. Revonet, Inc.,* 258 F.R.D. 17, 19 (D. D.C. 2009) (answers to discovery must be "true, explicit, responsive, complete, and candid").

The burden lies on the objecting party to show that a discovery request is improper. Where a party's objections are themselves vague

and impermissibly overbroad, and no specifics are given, the objecting party fails to carry its burden. *See McLeod, Alexander, Powel & Apffel, P.C. V. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (holding that the party resisting discovery must show specifically how each discovery request is not relevant or how each question is overly broad, burdensome, or oppressive); *Contratto v. Ethicon, Inc.,* 227 F.R.D. 304, 308-09 (N.D. Cal. 2005) (finding declaration of counsel insufficient to warrant protection of documents). Even when the required showing is not made, however, the Court still has the obligation to review the discovery requests to ensure that they are non-frivolous requests. *Moreno Rivera,* 272 F.R.D. at 57.

III. **DISCUSSION**

A. **Interrogatory # 1**

Billings Clinic's Interrogatory #1 states:

> Identify each person who participated, in any way other than in a purely clerical capacity, in preparing the answers to these Interrogatories. If more than one person participated, identify the information that was provided by each person.

*ECF 33-1 at 6.* Kelley's initial answer states: "Plaintiff Mark Kelley and his attorney Daniel G. Gillespie." *ECF 33-6 at 1.* Kelley's

supplemental answer states:

> Plaintiff Mark Kelley and his attorney Daniel G. Gillispie jointly prepared all responses to these interrogatories and requests for production. Plaintiff objects to any disclosure of the substance of any discussions or the nature of the joint participation in the preparation of these responses pursuant to attorney-client privilege. See *Admiral Ins. Co. v. US Dist Court for Dist of Ariz.*, 881 F.2d 1486 (9th Cir. 1989).

*ECF 33-15 at 3-4.*

Billings Clinic argues that Kelley's answer is evasive and incomplete, and the objection in the amended answer is both untimely and substantively infirm. *ECF 33 at 13-15.* In response, Kelley argues that his answer squarely addresses that which is sought by the interrogatory, and no additional information is to be added or compelled. *ECF 35 at 2-3.*

The Court agrees with Billings Clinic that any objections Kelley made at the time he lodged his amended answers are waived. *See* Fed. R. Civ. P. 33(b)(2) ("responding party must serve ...any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to...or be ordered by the court"); Fed. R. Civ. P. 33(b)(4) ("[a]ny ground not stated in a timely objection is

waived...").  Kelley failed to raise his objection within the time limit as stipulated, and no motion was made to the Court to excuse this failure.

Despite Kelley's waiver of his objections to this interrogatory, the Court concludes that Kelley's answer is complete.  Billings Clinic's Interrogatory # 1 seeks disclosure of the persons who assisted in answering the interrogatories, and what information each person supplied.  Kelley answered this interrogatory by explaining that he and his attorney jointly prepared all responses.  A reasonable inference from this answer is that Kelley provided the substantive information, while his counsel supplied the legal format.  Billings Clinic is not entitled to any more detailed response to this interrogatory, therefore its motion to compel as to Interrogatory # 1 is denied.

## B.  <u>Interrogatory # 4</u>

Billings Clinic's Interrogatory # 4 states:

List in chronological order each job or employment position that you have held since age 18, except for Defendant, and for each such job specify the name, address, and telephone number of the employer, the dates of such employment, your job classification or position, rate of pay, the duties you performed, and, if applicable, the reason you left such employment.

*ECF 33-1 at 6.*  Kelley's initial answer states: "Please see Plaintiff's

Resume, produced herewith." *ECF 33-6 at 4.* Kelley's supplemental

answer provides a detailed list of each job Kelley has maintained from

November 2001 through August 2012. *ECF 33-15 at 5-7.* Each job

description contains dates of employment, employer, employer's

address, position held, rate of pay, and general description of work

activities. *Id.* Kelley objects in this amended answer to further

disclosure as beyond the scope of allowable discovery. *Id. at 7.*

Billings Clinic argues that this answer is incomplete because it

does not provide employment records dating back to Kelley's 18th

birthday. *ECF 33 at 16.* Billings Clinic argues that it is not unduly

burdensome for Kelley to compile his employment history, and that

such information is relevant to Kelley's claims. Finally, Billings Clinic

argues that Kelley's objection made in his amended response is

untimely and, therefore, waived.

Kelley argues that he has produced his employment history "to

the extent it could possibly be related in time and scope." *ECF 35 at 7.*

The disclosure of any further employment history, Kelley argues, would

"only serve to allow [Billings Clinic] to go on a fishing expedition for

irrelevant but damaging information." *Id*.

As discussed above, Kelley was required to provide a complete answer or proper objection to this interrogatory by January 14, 2013. Kelley's failure to timely object to the further disclosure of employment information results in a waiver of the objection.

Furthermore, employment records and reasons for termination fall within the scope of permissible discovery. *See Levitin v. Nationwide Mut. Ins. Co.*, 2012 WL 6552814 (S.D. Ohio 2012). "Such records could bear on or could reasonably lead to other matters that could bear the credibility of Plaintiff's allegations relating to his performance, his qualifications, and the legitimacy of Defendant's proffered bases for the performance ratings it assigned to Plaintiff." *Id*.

The Court concludes that Kelley must provide a complete response to Billings Clinic's interrogatory by disclosing the remainder of his employment information. However, the Court will only require Kelley to provide the following information on any job held since he was 18 that has not yet been disclosed in his supplemental answer: (1) name of employer, (2) dates of employment, (3) statement of position

held and duties performed, and (4) reason for leaving the employment. The Court will therefore grant Billings Clinic's motion as to Interrogatory # 4, limited as set forth above.

## C.   Interrogatories # 17, 18, 19

Billings Clinic's Interrogatories # 17, 18, and 19 ask Kelley to "Identify each and every conversation which you or someone acting on your behalf has had with any employee or representative" of: (1) the Montana Human Rights Bureau; (2) the Montana State Board of Nursing; and (3) the Montana Nurses Association Local Unit No. 2. *ECF 33-1 at 10-11.* Each interrogatory also asks Kelley to "identify with whom [he] had such conversations, when the conversations occurred and the substance of the conversations." *Id*.

In response to each interrogatory, Kelley provided the name of each person he spoke with and a brief description of the nature of each conversation. *ECF 33-6 at 9.* Kelley supplemented his answers to also include the date of each contact. *ECF 33-15 at 19-20.* Specifically as to Interrogatory # 18, Kelley clarifies that only his attorney talked with a representative of the Montana State Board of Nursing, and that Kelley

was not present for any of those discussions.  *Id. at 19.*  Kelley then objects in his supplemental answer to any further disclosure in response to this interrogatory, citing the attorney work-product privilege.  *Id.*

Billings Clinic argues that Kelley's answers are evasive and incomplete because they do not reveal sufficient detail of the substance of these conversations.  *See ECF 33 at 19-25.*  Billings Clinic also argues that all of Kelley's objections are waived as untimely.

Kelley argues that he has answered these three interrogatories in sufficient detail and therefore Billings Clinic's motion to compel more complete answers should be denied.  To the extent Billings Clinic seeks more information, Kelley argues that it would be unreasonable to require a "word-for-word transcription of the conversation[s]" in his answers to these interrogatories.  *ECF 35 at 5.*

The Court finds that Kelley has sufficiently answered Billings Clinic's Interrogatories # 17-19.  "In the written discovery process, parties are not entitled to each and every detail that could possibly exist in the universe of facts."  *Bashkin v. San Diego County*, 2011 WL

109229 (S.D. Cal. 2011); *see also IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) ("Other discovery procedures, such as depositions and production of documents, better address whatever need there be for that kind of secondary detail").  As the Ninth Circuit has explained:

> Written interrogatories are rarely, if ever, an adequate substitute for a deposition when the goal is discovery of a witness' recollection of conversations...
>
> Only by examining a witness live can a lawyer use the skills of his trade to plumb the depths of a witness' recollection, using to advantage not only what a witness may have admitted in answering interrogatories, but also any new tidbits that usually come out in the course of answering carefully framed and pin-pointed deposition questions. Written interrogatories are not designed for that purpose; pointed questions at deposition are the only effective way to discover facts bottled up in a witness' recollection...

*Shoen v. Shoen*, 5 F.3d 1289, 1297 (9th Cir. 1993).

In his answers, Kelley provides Billings Clinic with the names of the individuals with whom he or his attorney spoke, when such conversations took place, and the general nature of the conversations. If Billings Clinic seeks more detailed information regarding the substance of these conversations, the appropriate method to obtain

such information is through deposition.  *See Shoen*, 5 F.3d at 1297.

As to Interrogatory # 18, because the Court concludes that Kelley has sufficiently answered the interrogatory, the Court need not reach the parties' dispute over the work-product privilege objection.

Based on the foregoing, Billings Clinic's motion to compel as to Interrogatories # 17, 18, and 19 is denied.

**D.     Interrogatory # 20**

Billings Clinic's Interrogatory # 20 states:

> Please state whether you have entered a plea of guilty or nolo contendere or been convicted of any crime or statutory violation (other than a traffic offense in which you only were assessed a fine that was less than $100) since the time of your 18th birthday, regardless of whether such conviction was subsequently expunged; if so, please state: the crime or offense for which you were convicted; whether you pled guilty, not guilty, nolo contender, or entered any other please in the action, describing any such plea entered; describe the penalty imposed as a result of the conviction; and identify all documents that related to the conviction.

*ECF 33-1 at 11.*  Kelley objected to this interrogatory "as being irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the scope of discovery permitted under Rule 26, F.R.Civ.P." *ECF 33-6 at 10.*  Kelley did not supplement this

response.  *See ECF 33-15 at 20.*

Billings Clinic argues that Kelley's job performance, workplace conduct, and credibility as a witness are relevant in this case, and therefore it should be entitled to discover information regarding Kelley's criminal background.  *ECF 33 at 26.*  Billings Clinic indicates that it has no objection to such information being disclosed subject to the Court's Protective Order *(ECF 27).  ECF 33 at 27.*

Kelley argues that because the rules of evidence only allow the introduction of prior felonies to attack a witness's character for truthfulness, discovery of his criminal plea and conviction history should be limited to only those convictions that would be admissible under Rule 609, Fed. R. Evid. *ECF 35 at 7-8.*

The scope of discovery is broad and encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.  *Oregon Precision Indus., Inc. v. Int'l Omni-Pac Corp.*, 160 F.R.D. 592, 594 (D. Or. 1995) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).  Courts have routinely allowed discovery of a party's criminal past in

employment discrimination cases.  *Jackson v. Coach, Inc.*, 2008 WL 782635 (D. Kan. 2008); *see also Pinnix v. Centaur Bldg. Supply Services, Inc.*, 2008 WL 4826306 (E.D. Mo. 2008) (in an employment discrimination action, "information regarding plaintiff's criminal past, if any, could bear directly on his credibility, particularly in regard to crimes of dishonesty").

Kelley has failed to meet his burden to show that Billings Clinic's Interrogatory # 20 is improper.  Because this information is otherwise discoverable, Billings Clinic's motion to compel is granted, and Kelley is directed to provide the information sought in Interrogatory # 20.  Such information is to be disclosed pursuant to the Court's Protective Order. *See ECF 27.*

### E.    <u>Request for Production # 9</u>

Billings Clinic's Request for Production # 9 states:

> Please produce any and all federal and/or state income tax returns, forms W-2, 1040, 1099, or other documents reflecting income received by you for calendar years 2009, 2010, 2011, and through the date of trial, and please sign the attached Request for Copy of Tax Forms.

*ECF 33-1 at 18.*  Kelley produced the tax returns for the years 2009,

2010, and 2011; however, Kelley did not sign and produce the Request for Copy of Tax Forms provided by Billings Clinic.

Billings Clinic argues that Kelley's tax return information is relevant and discoverable, and it is entitled to obtain the documents directly from the IRS to verify the information provided by Kelley. *ECF 36 at 13.* Kelley argues that because he produced the records Billings Clinic requests, it would be unnecessarily invasive of his privacy to require a signed release allowing Billings Clinic direct contact with the IRS. *ECF 35 at 8-9.*

Tax returns are generally discoverable where necessary in private civil litigation. *Young v. United States*, 149 F.R.D. 199, 201 (S.D. Cal. 1993) (citing *St. Regis Paper Co. v. United States*, 368 U.S. 208 (1961)). The Ninth Circuit has found that tax returns and related documents "do not enjoy an absolute privilege from discovery." *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir.1975)). "Nevertheless, a public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns." *Id*. at 229.

Courts generally apply:

> "a two-pronged test to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns. First, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable."

*A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D. Cal. 2006). The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable. *Id.*

Billings Clinic is correct in its assertion that Kelley's tax returns are relevant and discoverable. *See E.E.O.C. v. Ceridian Corp.*, 610 F. Supp. 2d 995, 996 (D. Minn. 2008) (In employment discrimination litigation, "[t]ax returns are evidence of an employee's earnings, and therefore, they are relevant..."). Billings Clinic has therefore satisfied its burden under the test enunciated above. The burden then shifts to Kelley. While Kelley does not object to the disclosure of his tax return information, he objects to providing Billings Clinic with the requested

release. Kelley does not cite any authority supporting his contention that the production of requested documents obviates the need for a signed release. Furthermore, to the extent Kelley raises an objection to Request for Production # 9 in his brief, such objection is untimely and therefore waived. Kelley has therefore failed to meet his burden of showing that the information Billings Clinic seeks is otherwise readily obtainable.

At least one other court has required the production of a signed release granting access to tax documents in addition to the tax returns themselves. *See Powell v. Merrimack Mut. Fire Ins. Co.*, 80 F.R.D. 431, 433 (N.D. Ga. 1978). Billings Clinic's motion to compel as to Request for Production # 9 is granted. Kelley is directed to produce a signed release, as provided by Billings Clinic, authorizing Billings Clinic to obtain his tax return information for the years 2009, 2010, and 2011.

### F.  Request for Production # 16

Billings Clinic's Request for Production # 16 states:

Please execute before a notary public the attached Authorization for Use or Disclosure of Psychotherapy Notes, Authorization for Release of Employment and Payroll Records, and Authorization for Release of Unemployment Benefits Records and Reports, and

produce the executed authorizations.

*ECF 33-1 at 19.* Kelley answered this Request for Production as follows:

> Plaintiff hereby produces Authorizations for the Release of Employment and Payroll records and Authorization for Release of Unemployment Benefits Records and Reports. Plaintiff has not received any psychotherapy treatment at any time during or since his employment with Defendant and as such there are no psychotherapy notes to be produced or obtained.

*ECF 33-20 at 5.* Accordingly, Kelley did not produce a release for the disclosure of his psychotherapy notes.

Billings Clinic argues: (1) to the extent Kelley's answer to this request is an objection to the production of the desired release, Kelley's objection is untimely and therefore waived, *ECF 33 at 29*; (2) because Kelley has asserted a claim for compensatory damages for emotional distress, his records of psychotherapy are relevant and discoverable, *id.*; and (3) although Kelley represents that he did not receive psychotherapy treatment while working for Billings Clinic, he did receive such treatment in the past, and Billings Clinic is therefore entitled to discover his prior psychotherapy notes, *id. at 29-30*.

Kelley, while acknowledging that his mental condition is at issue

in this case, argues that past mental health treatment may only be discoverable to the extent it relates in time. *ECF 35 at 8.* Kelley argues that treatment "received approximately 13 years before he began his employment with Billings Clinic has no bearing on the emotional distress he has experienced as a result of his termination." *Id.*

Records for psychotherapy treatment are relevant to an employment discrimination case when the plaintiff asserts claims of emotional distress. *Sanchez v. U.S. Airways, Inc.*, 202 F.R.D. 131, 135 (E.D. Pa. 2001). In *Sanchez*, the court stated:

> [W]hat the Plaintiffs ask the Court to do is to allow them to make a claim for emotional and mental distress, but disallow the Defendant from discovering information about the myriad causes of their distress. Plaintiffs admit that factors unrelated to this action were involved in their decision to seek psychotherapy. The exact nature of these factors is presently unknown, but, their existence may serve to undercut or extinguish Plaintiffs' claims for emotional distress. If the records show that certain stress factors pre-dated Mr. Sanchez's termination, or that other factors unrelated to this litigation occurred after the termination, then Defendant could show that Plaintiffs' claims are either baseless, overblown or insubstantial.

*Id.* at 136.

Kelley's answer may be construed as an objection, based on

relevance, to the production of medical records predating his employment with Billings Clinic. As with his other objections, Kelley's objection to Request for Production # 16 is untimely and, therefore, waived. *See* Fed. R. Civ. P. 34(b)(2)(A) ("party to whom the request [for production] is directed must respond in writing within 30 days after being served"). Furthermore "[i]t is not for a party to determine, by a unilateral review of documentation, whether information is relevant to the case. At the discovery stage of the litigation, the evidence sought need only be relevant, and 'need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.'" *Sanchez*, 202 F.R.D. at 135 (citing Fed. R. Civ. P. 26(b)(1)). While Kelley's history of psychotherapy treatment may or may not be admissible at trial, Kelley has failed to show why it is not discoverable at this point in the proceedings.

Based on the foregoing, Billings Clinic's motion to compel with respect to Request for Production # 16 is granted, and Kelley is directed to produce an executed authorization for the disclosure of his psychotherapy notes.

### G.  Attorneys' Fees

Billings Clinic requests an award of its reasonable attorneys' fees incurred in preparing the instant motion and supporting briefing.  *ECF 33 at 31.*  Kelley does not respond to Billings Clinic's request.

When a motion to compel is granted in part and denied in part, as is the case here, the Court has the discretion to apportion reasonable expenses.  *See* Fed. R. Civ. P. 37(a)(5)(C); *Switch Communications Group LLC v. Ballard*, 2011 WL 5041231, * 1 (D. Nev. 2011).

The Court, in its discretion, declines to award Billings Clinic its attorneys' fees.  While Billings Clinic did attempt to resolve its discovery dispute without court intervention, as evidenced by the detailed letter it sent to Kelley, it appears Kelley attempted, in good faith, to fully comply with Billings Clinic's requests.  Furthermore, of the eight discovery items to which Billings Clinic seeks compelled responses, four have been granted and four have been denied.  This is not a situation where an award of attorneys' fees in favor of Billings Clinic is appropriate.  Accordingly, Billings Clinic's request for fees is denied.

## IV.    CONCLUSION

Based on the foregoing,

IT IS ORDERED that Billings Clinic's motion to compel (*ECF 32*) is GRANTED IN PART and DENIED IN PART, as set forth above.

IT IS FURTHER ORDERED that Billings Clinic's request for attorneys' fees is DENIED.

DATED this 8th day of April, 2013.

/s/ Carolyn S. Ostby
United States Magistrate Judge