IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| MARK J. KELLEY,<br><br>               Plaintiff,<br><br>vs.<br><br>BILLINGS CLINIC,<br><br>               Defendant. | CV 12-74-BLG-SEH-CSO<br><br>**ORDER** |

The Montana Department of Labor and Industry ("Department"), a non-party, moves to quash Defendant Billings Clinic's subpoena duces tecum seeking Plaintiff's unemployment compensation records. *ECF 40*. Having reviewed the record, the Court will deny the motion for the reasons and on the terms discussed below.

I.   BACKGROUND

On February 12, 2013, Billings Clinic sent to the State of Montana Unemployment Insurance Division Plaintiff Mark Kelley's ("Kelley") Authorization for Release of Unemployment Benefits Records and Reports. *ECF 40 at 15*.

On March 25, 2013, the Department responded by providing "a

-1-

complete copy of all UI records available to Mr. Kelley relating to the UI determination regarding his application for unemployment compensation benefits...." *ECF 40 at 18.*

On the same date, March 25, 2013, counsel for Billings Clinic issued a subpoena to produce documents as follows:

> All documents of any nature in the possession of the State of Montana, Unemployment Insurance Division, regarding Mark J. Kelley's applications for unemployment compensation benefits on or after March 1, 2011, including but not limited to, detailed earning information & job search information, including any job search log.

*ECF 40 at 20.* Counsel for the Department responded, stating *inter alia* that the Department believed state law prohibited it from providing any employer's responses to Kelley's claims, absent a written authorization from the affected employer allowing that information to be released. *ECF 40 at 21-22.*

On April 15, 2013, counsel for Billings Clinic served a second subpoena on the Department. The second subpoena requested essentially the same information as the first:

> All documents in the possession of the State of Montana, Unemployment Insurance Division, regarding Mark J. Kelley's applications for unemployment compensation benefits on or after March 1, 2011, including but not limited to all earnings information and all job search information, including any and all job search logs.

*ECF 40 at 23.* Billings Clinic does not dispute the motion to quash the first subpoena. Thus, only the second subpoena is at issue.

## II.   DISCUSSION

### A.   The Department's Arguments

The Department advances two principal arguments. First, the Department argues that the information Billings Clinic seeks is confidential and protected from disclosure by federal and state law. *Id. at 6-11.* The Department argues that U.S. Department of Labor regulations require state unemployment compensation ("UC") agencies to "file and diligently pursue a motion to quash" any subpoena that seeks disclosure of confidential information of the type sought here. *Id. at 11.* Also, the Department argues that the Court should quash the subpoena to protect information submitted by Kelley's other past employers, because the other past employers are not on notice of the issuance of the subpoena. *Id. at 3.*

Second, the Department argues that, if the Court declines to quash the subpoena in its entirety, the Court should issue an appropriate order prohibiting Billings Clinic from disclosing the information provided. *Id. at 12.*

### B. **Billings Clinic's Arguments**

Billings Clinic first argues that the motion to quash should be denied because it is untimely and fails to comply with court rules. *ECF 48 at 6.*

Next, Billings Clinic argues that federal regulations and case law allow discovery of this UC information. *ECF 40 at 9-11.* Citing 20 C.F.R. § 603.5 and § 603.7(b), Billings Clinic argues that federal regulations anticipate discovery of such information by specifically providing that when the information is sought with a court-ordered subpoena in accordance with that state's law, the subpoena must be granted.

Second, Billings Clinic argues that Montana law permits this discovery and that other employers need not be on notice. Billings Clinic agrees that the information should only be produced pursuant to a protective order and that the names of other employers may be redacted. *Id.* Billings Clinic also agrees to pay the Department's reasonable costs to produce.

### C. **Applicable Law**

Fed. R. Civ. P. 45(c)(3)(A)(iii) provides that, "the issuing court must quash or modify a subpoena that . . . requires disclosure of

privileged or other protected matter, if no exception or waiver applies[.]" The party serving the subpoena, here Billings Clinic, bears the burden of showing the appropriateness of a subpoena served on a nonparty. *Wi-Lan Inc. v. Research in Motion Corp.,* 2010 WL 2998850 (S.D. Cal. 2010). But a person withholding subpoenaed information under a claim of privilege or other protection bears the burden of proof on that claim. *Southern Union Co. v. Southwest Gas Corp.,* 205 F.R.D. 542, 550 (D. Ariz. 2002). A party asserting such a claim must make a "clear showing" that the privilege or protection applies. *Hill v. McHenry,* 2002 WL 598331 (D. Kan. 2002).

Because jurisdiction here is based on diversity, state rules apply. *See Home Indem. Co. v. Lane Powell Moss and Miller*, 43 F.3d 1322 (9th Cir. 1995). In the context of UC information management, Montana law provides that:

> Information obtained from any individual under this chapter must, except to the individual claimant to the extent necessary for the proper presentation of a claim, be held confidential and may not be published or be open to public inspection, except to public employees in the performance of their public duties, in any manner revealing the individual's or employing unit's identity, but any claimant or the claimant's legal representative at a hearing before the board or appeal tribunal must be supplied with information from the records to the extent necessary for the proper presentation of the claim.

MCA § 39-51-603(3). The following subsection requires that rules be adopted to protect the confidentiality of UC information and that the rules be consistent with similar federal requirements.

Effective April 15, 2011, state rules were adopted. *Mont. Admin. R. 24.11.915*. This rule requires the Department to "protect personally identifying information of claimants and employers." *Id. at 24.11.915(1)*. Disclosure is permitted only "by the informed consent of the identified individual(s) or is required under federal or ... pursuant to a valid subpoena...." *Id. at 24.11.915(2)*. "Valid subpoena" does not include a subpoena issued by a clerk of court on behalf of a litigant – or, by extension, a subpoena issued by an attorney on behalf of a litigant. *See id. at 24.11.915(3)(c)*.

As support of its motion, the Department also cites 29 CFR part 603. These U.S. Labor Department regulations provide that administration of UC programs:

> must include provision for maintaining the confidentiality of any UC information which reveals the name or any identifying particular about any individual or any past or present employer or employing unit, or which could foreseeably be combined with other publicly available information to reveal any such particulars, and must include provision for barring the disclosure of any such information, except as provided in this part.

20 C.F.R. § 603.4(b).

The exceptions "provided in this part" are found in 20 C.F.R. § 603.5, which provides, in relevant part, as follows:

> The following are exceptions to the confidentiality requirement. Disclosure of confidential UC information is permissible under the exceptions in paragraphs (a) through (g) of this section only if authorized by State law and if such disclosure does not interfere with the efficient administration of the State UC law. Disclosure of confidential UC information is permissible under the exceptions in paragraphs (h) and (I) of this section without such restrictions.
>
> \*   \*   \*
>
> (h)   . . . Disclosure of confidential UC information in response to a court order to an official with subpoena authority is permissible as specified in § 603.7(b).

20 C.F.R. § 603.7(b) provides, in relevant part, that:

disclosure is permissible, where –

> (1)   Court Decision – a subpoena or other compulsory legal process has been served and a court has previously issued a binding precedential decision that requires disclosures of this type, or a well-established pattern of prior court decisions have required disclosures of this type, or
>
> (2)   Official with subpoena authority – Confidential UC information has been subpoenaed, by a local, State or Federal governmental official, other than a clerk of court on behalf of a litigant, with authority to obtain such information by subpoena under State or Federal

> law. The State or State UC agency may choose to disclose such confidential UC information to these officials without the actual issuance of a subpoena.

20 C.F.R. § 603.7(b) must be read in conjunction with the subsection that immediately precedes it, which provides:

> Except as provided in paragraph (b) of this section, when a subpoena or other compulsory process is served upon a State UC agency . . . [the] State UC agency . . . must file and diligently pursue a motion to quash the subpoena or other compulsory process if other means of avoiding the disclosure of confidential UC information are not successful or if the court has not already ruled on the disclosure. Only if such motion is denied by the court or other forum may the requested confidential UC information be disclosed, and only upon such terms as the court or forum may order, such as that the recipient protect the disclosed information and pay the . . . State UC agency's costs of disclosure.

20 C.F.R. § 603.7(a).

### D. Analysis

The Court concludes that the Department has not made a clear showing that the motion should be quashed. First, the Montana legislature expressly contemplated that there would be persons to whom disclosure would be appropriate. MCA § 39-51-603(4). The administrative rule also contemplates disclosure in appropriate cases. *See Mont. Admin. R. 24.11.915 (2), (4), (5).*

As with the state rule, the federal rules require that the

information be held confidential, but the confidential nature of documents does not necessarily require that the subpoena be quashed. *See Gray v. Savage Services Corp.,* 2013 WL 1787999 (D. Maine 2013) (denying Maine Department of Labor motion to quash a subpoena seeking unemployment records of plaintiff); *Zhou v. Pittsburg State University,* 2002 WL 1932538 (D. Kan. 2002) (denying motion to quash subpoena seeking EEOC investigative file).

Kelley has not opposed release of the information. And, to the extent the confidentiality is meant to protect Kelley, he has waived any right to rely on the confidentiality of the information by his prior release. In addition, it appears that the information sought is discoverable under Fed. R. Civ. P. 26(b)(1).

The Department has offered no reason why release of the information would interfere with the efficient administration of the Montana UC law. By filing no reply brief, the Department has not attempted to refute the arguments presented by Billings Clinic.

As requested by the Department, however, Billings Clinic must not disclose any information provided by the Department to any non-party, and must not use that information for any purpose other than in connection with this litigation. Also, Billings Clinic has agreed that the

Department may redact all information identifying employers other than the Billings Clinic.  *ECF 48 at 11*.

## III.  <u>CONCLUSION</u>

Based on the foregoing, IT IS ORDERED that the Department's motion to quash (*ECF 40*) is GRANTED insofar as it addresses the subpoena issued on March 25, 2013.  IT IS FURTHER ORDERED that the motion is DENIED insofar as it addresses the subpoena issued on April 15, 2013, on the following terms and conditions:

> (1)  On or before June 10, 2013, the Department shall provide to Kelley's counsel all records sought in the subpoena which have not previously been provided (if the costs of same have then been paid as set forth below);
>
> (2) The Department may redact from the records all information identifying employers other than Billings Clinic;
>
> (3) Billings Clinic shall not further disclose the records and information provided pursuant to the subpoena to any non-party;
>
> (4) Billings Clinic shall use the records and information provided only for purposes of this lawsuit and, at the conclusion of this lawsuit, shall destroy all such records;
>
> (5) The information provided is subject to the Protective Order previously filed (*see ECF 27);*
>
> (6) Pursuant to Mont. Admin. R. 24.11.915(5), the Department shall charge the costs of disclosure to Billings Clinic, which costs must be paid in full prior to the release of information; and

(7) Upon receipt of the records, Billings Clinic shall promptly provide a copy of them to counsel for Kelley.

DATED this 3rd day of June, 2013.

                                            /s/ Carolyn S. Ostby
                                            United States Magistrate Judge